UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NUVEEN BALANCED MUN. & STOCK FUND, et al., <br><br> Plaintiffs, <br> v. <br> TYCO INTERNATIONAL LTD., et al., <br><br> Defendants. | 08-CV-01338-PB <br><br> MDL 1335 |

### AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL AGAINST DEFENDANT FRANK E. WALSH, JR. AND BAR ORDER

Plaintiffs Nuveen Conservative Allocation Fund (formerly Nuveen Balanced Municipal and Stock Fund), Nuveen Moderate Allocation Fund (formerly Nuveen Balanced Stock and Bond Fund), Nuveen Multi-Manager Large-Cap Value Fund (formerly Nuveen Large-Cap Value Fund) and the Nuveen Santa Barbara Dividend Growth Fund (formerly the Nuveen Rittenhouse Growth Fund) ("Plaintiffs") and Defendant Frank E. Walsh, Jr. ("Walsh") (each of them a "Settling Party" and collectively, the "Settling Parties"), having represented to the Court that they have entered into a settlement agreement that resolves all issues between and among them in the Complaint, and for good cause shown, the Court ORDERS:

1.      Pursuant to Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A): (a) defendants L. Dennis Kozlowski and Mark H. Swartz (collectively, the "Non-Settling Defendants"), and Tyco International Ltd., Covidien Ltd., and Tyco Electronics Ltd. (the "Previously-Settled Defendants," together with the Non-Settling Defendants the "Non-Released Parties"), and each of them, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against any Settling Party based upon, relating to, or arising out of the

846826 1

subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in this suit; and (b) except as provided in paragraph 6 of the accompanying Settlement Agreement and Release, each Settling Party is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution for any amount paid in connection with this action against any other person based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in the suit.

2. Because there is no just reason for the delaying the entry of a final judgment with respect to the claims asserted by Plaintiffs against Walsh, all claims asserted by Plaintiffs against Walsh in the Complaint are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 54(b). This action is not dismissed with respect to any claims against the Non-Settling Defendants.

3. The Clerk is directed to enter this Agreed Order and Final Judgment of Dismissal against Defendant Frank E. Walsh, Jr. and Bar Order as a final judgment and send a copy of same to all counsel of record.

IT IS SO ORDERED.

Enter: 1/6/2010

/s/ Paul Barbadoro
The Hon. Paul Barbadoro
United States District Judge

846826 1                                 2

We ask for this:


/s/ Daniel P. Chiplock, Esq. for
Laurence Greenwald, Esq.
Michele L. Pahmer, Esq.
Stroock Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038

*Counsel for Defendant Frank E. Walsh, Jr.*



/s/ Daniel P. Chiplock, Esq.
Steven E. Fineman, Esq.
Daniel P. Chiplock, Esq.
Michael Miarmi, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

*Counsel for Plaintiffs*



      cc:   Counsel of Record

846826 1                                3